UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **DAVID OPPENHEIMER,** § | | |
| Plaintiff § | CA No._____ | |
| § | | |
| § | | |
| v. § | | |
| § | | |
| **MICHAEL ANTHONY BENSO AND** § | | |
| **ANTHONY ALLEN GROUP, LLC** § | | |
| Defendants § | **JURY DEMANDED** | |
| § | | |

## PLAINTIFF'S ORIGINAL PETITION

1. Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Michael Anthony Benso ("Benso"), and Anthony Allen Group, LLC ("AAG"), collectively called "Defendants," alleges:

### JURISDICTION/VENUE

2. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. § 1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

3. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

4. Plaintiff is a citizen of North Carolina engaged in the business of professional photography who resides in and has a principal place of business in Asheville, Buncombe County,

North Carolina.

5. Benso is a principal of AAG who resides at 1302 Colton Court, Waunakee, Dane County, Wisconsin 53597-2678, where he will receive actual notice of this filing, by personal service of process upon him.

6. AAG is in the business of marketing and sales of NASCAR vacation travel online whose principal place of business is in Madison, Wisconsin. AAG's registered agent for service of process is Benso. AAG will receive actual notice of this filing by service upon its Registered Agent at the registered address for process, 5315 Wall Street, Suite 270, Madison, Wisconsin 53718.

## INTRODUCTORY FACTS

7. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs known as *"2013 Events Photographed by David Gordon Oppenheimer"* (**"Exhibit A,"** Registration). One photograph deposited with this application for registration is at issue in this case ("**Exhibit B**," Image). Oppenheimer has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights to the said photograph.

8. Oppenheimer owns certain rights in and to Copyright Registration Number VAu 1-136-802 issued on April 9, 2013 by the U. S. Registrar of Copyrights in Washington, D.C. for photographs deposited with and covered by said registration**.**

9. Oppenheimer's copyrights in the above-described works are presently valid and subsisting, and was valid and subsisting from the moment of their creation in the year 2013, and all conditions precedent to the filing of this suit have occurred.

## **CONTEXTUAL & INFRINGEMENT FACTS**

10. In November, 2014, Oppenheimer discovered that his image of NASCAR race had been "scraped" from Oppenheimer's licensing company's website, at www.performanceimpressions.com, and placed onto AAG's website at http://anthonyallengroup.com/index.php/events/details/96 (see Exhibit C, Screen Capture).

11. In October, 2014, Oppenheimer emailed the defendants about the infringement, and Benso responded that he would contact the "freelance designer to get this resolved." When he did not hear back from Benso, Oppenheimer emailed Benso again, and Benso responded, "I have contacted the designer and he used a freelance person. I am doing what I can to get it removed..." On November 4, Oppenheimer received an unsolicited email from Benso saying, "The issue has been resolved. Thanks again for your patience." (Exhibit D)

12. The following day, November 5, Oppenheimer transmitted a cease, desist and demand letter via FedEx and email to Benso, Anthony Allen Group LLC (Exhibit E). Benso replied and claimed that "a freelance designer" had acquired the image, and that it had been removed from the internet and "the issue was therefore resolved." When asked to provide the identity of the freelance web designer, Benso refused.

13. On December 3, 2014, Oppenheimer received an unsolicited letter from Edward Lawton, of Axley Brynelson, LLP in Madison, Wisconsin which read in part *"Assuming for the sake of argument all the allegations in your letter are true, the Company does not have the assets to pay any of the claimed damages so any lawsuit against the Company would be a waste of your time and money."* (Exhibit F).

14. Oppenheimer then retained the undersigned counsel to try to resolve the matter with the Axley attorneys. Settlement efforts were unsuccessful, and so this suit was filed.

## **VICARIOUS LIABILITY OF BENSO**

15. Oppenheimer realleges and incorporates paragraphs 1 – 14 hereinabove as if recited *verbatim*.

16. Pleading further but without waiver of the foregoing, Oppenheimer shows that Defendant Benso is the registered agent, and a principal of AAG.

17. On information and belief, Benso owns much of AAG's stock, controls nearly all decisions of AAG, and is the dominant influence in the company. Benso provided hands-on decision making in the activities of AAG, making many of the decisions of the company. Benso retained the "freelance designer," thereby controlling the designer's infringing activities. He also had an obvious and direct financial interest in the infringing activity.

18. In addition, the conduct of AAG as described above was performed and accomplished through the direction, control and conduct of Benso personally, as owner, officer, director or manager of AAG. Benso had the ability to prevent AAG from infringing Oppenheimer's images and/or to stop the infringements once they began. Additionally, on information and belief, Benso received pecuniary benefit from AAG's acts of infringement.

19. Accordingly, Benso is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of AAG.

## **CAUSES OF ACTION**

20. Plaintiff re-alleges and incorporates, as if set forth herein, paragraphs 1 through 14 above.

21.     Defendants have infringed Plaintiff's copyrights in and to the above-described image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of the copy rights of Title 17.

22.     Additionally, Defendants violated the DMCA by removing Oppenheimer's copyright management information ("CMI").

23.     In creating the derivative identified above, one, the other, or both Defendants intentionally removed and/or omitted Plaintiff's CMI from copies of Plaintiff's works.

24.     One, the other, or both Defendants distributed copies or derivatives of such works knowing that such CMI had been removed or omitted without authorization.

25.     At the time Plaintiff's copyright management information was removed from copies of his work, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, one, the other, or both Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

26.     Oppenheimer is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

27.     Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled and seeks to recover his reasonable attorney's fees.

## CAUSATION/DAMAGES

28.     As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $150,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of defendants' profits

attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, attorney time spent placing joint infringers on notice of the infringements, and getting the images removed from servers and web sites.  In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out in paragraphs 22 - 26 above.

## **RELIEF REQUESTED**

29. Oppenheimer demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached works, as well as their gross profits and income derived therefrom.

30. Oppenheimer is entitled and seeks to recover actual damages plus the profits of Defendants attributable to the infringements, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

31. Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus reasonable and necessary attorney's fees.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

32. Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images;

33. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and

all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

34. That Defendants be required, jointly and severally, to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

35. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

36. That Defendants jointly and severally be ordered to pay to Oppenheimer his costs and attorney's fees; and

37. That Oppenheimer have such other and further relief as this court shall deem just and proper.

**DEMAND FOR JURY TRIAL.**

**Plaintiff, David Oppenheimer, demands a jury trial in this cause of action.**

Respectfully submitted,

By: /s _____
Dana A. LeJune
TBN: 12188250
6525 Washington Avenue
Suite 300
Houston, Texas  77007
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net